IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ANDREW NEALY,                      :        Civil No. 3:26-cv-217
                                          :
            Petitioner                    :        (Judge Mariani)
                                          :
      v.                                  :
                                          :
WARDEN OF SCI-SOMERSET,                   :
PA STATE ATTORNEY GENERAL,                :
                                          :
            Respondents                   :

## MEMORANDUM

Petitioner David Andrew Nealy ("Nealy") filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the

Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). For the reasons

discussed below, the Court will dismiss the petition as untimely.

## I.    Background

On December 17, 2018, following a jury trial, Nealy was found guilty of first-degree

murder and criminal conspiracy. (*See* Doc. 1, at 1; Doc. 8-1, at 3-187, Transcript of Jury

Trial, *Commonwealth v. Nealy*, No. CP-40-CR-0004591-2017 (Pa. Ct. Comm. Pl. Luzerne

Cnty.)). On January 31, 2019, the trial court sentenced Nealy to a mandatory life sentence

on the first-degree murder conviction, and a consecutive 17-to-40-year term of

imprisonment on the conspiracy conviction. (Doc. 1, at 1; Doc. 8-1, at 524, 531). Nealy

filed a timely post-sentence motion wherein he challenged the sufficiency and the weight of

the evidence supporting his convictions. (*See* Doc. 8-1, at 504; *Commonwealth v. Nealy*,

No. 303 MDA 2024, 333 A.3d 393, 2025 Pa. Super 55 (Pa. Super. 2025)). On June 4,

2019, the trial court denied Nealy's post-sentence motion. (*See id.*).

Nealy then filed a direct appeal. (*See id.*). On November 17, 2020, the

Pennsylvania Superior Court affirmed Nealy's judgment of sentence. (Doc. 8-1, at 317-330,

*Commonwealth v. Nealy*, No. 1021 MDA 2019, 242 A.3d 420 (Table), 2020 WL 6743467

(Pa. Super. 2020)). Nealy sought review with the Pennsylvania Supreme Court, and on

April 13, 2021, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

*Commonwealth v. Nealy*, No. 707 MAL 2020, 666 Pa. 284, 252 A.3d 592 (Table) (Pa.

2020).

On May 27, 2022, Nealy filed a timely *pro se* petition for post-conviction collateral

relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

(Doc. 8-1, at 331-341, PCRA Petition). The PCRA court appointed counsel to represent

Nealy, and counsel filed a supplemental PCRA petition. (Doc. 8-1, at 342-354,

Supplemental PCRA Petition). On February 23, 2024, following a hearing, the court denied

PCRA relief. (Doc. 8-1, at 355-394, Transcript of PCRA Hearing; Doc. 8-1, at 397-423,

PCRA Opinion; *see also* Doc. 8-1, at 456, PCRA Court Order). Nealy timely filed a notice of

appeal. (Doc. 8-1, at 425-474, Nealy's Brief in Support of Appeal of PCRA Petition). On

March 10, 2025, the Superior Court affirmed the PCRA court's order denying the petition.

(Doc. 8-1, at 502-520; *Commonwealth v. Nealy*, No. 303 MDA 2024, 333 A.3d 393, 2025

2

Pa. Super 55 (Pa. Super. 2025)). Nealy filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 3, 2025. *Commonwealth v. Nealy*, No. 182 MAL 2025, 345 A.3d 1196 (Pa. 2025).

On or about December 16, 2025, Nealy filed the instant federal habeas petition.[1] (Doc. 1). Respondents filed a response seeking dismissal of the petition as untimely. (Doc. 8). The petition is ripe for resolution.

## II.   Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]   Under the prisoner mailbox rule, the Court deems the petition filed on December 16, 2025, the date Nealy signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Nealy was sentenced on January 31, 2019.  He filed a direct appeal, and, on November 17, 2020, the Pennsylvania Superior Court affirmed the judgment of sentence.  Nealy's judgment of sentence became final on July 12, 2021, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal.  *See* 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme

4

Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (providing that a defendant has 90 days to file a petition for a writ of certiorari seeking United States Supreme Court review). The one-year period for the statute of limitations commenced running as of that date. Thus, the AEDPA statute of limitations under § 2254(d)(1)(A) would have expired on July 12, 2022 absent tolling, as explained below. However, Nealy did not file the instant habeas petition until December 16, 2025, more than three years after the expiration of the statute of limitations. Therefore, the habeas petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. See 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on July 12, 2021 and, absent any tolling, would have expired on or about July 12, 2022. However, pursuant to 28 U.S.C. § 2244(d)(2), when Nealy filed his PCRA petition on May 27, 2022, the AEDPA's filing period was statutorily tolled. As of May 27, 2022, 319 days of the one-year filing period had elapsed. Thus, there were 46 days of the one-year filing period remaining.

The statute remained tolled until the conclusion of the PCRA proceedings— September 3, 2025, the date the Pennsylvania Supreme Court denied Nealy's petition for allowance of appeal. On September 3, 2025, the statute began running again, and the 46

5

days remaining in which to file his federal habeas petition expired on October 20, 2025. As a result, absent equitable tolling or the applicability of the actual innocence exception, Nealy's habeas petition filed on December 16, 2025, is approximately two months late. *See e.g. Martin v. Administrator N.J. State Prison*, 23 F.4th 261, 264 (3d Cir. 2022) (finding that the 193 days between Defendant's state conviction becoming "final" until Defendant filed a petition for state post-conviction relief counted towards the one-year statute of limitations and the time period began running again on the last day Defendant could have appealed the state court's denial of his PCRA proceedings).

B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson*

6

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, the Court finds that Nealy failed to exercise reasonable diligence throughout the limitations period. In addition to, he failed to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. (*See* Doc. 1-8). Nealy states that his habeas petition was timely. (*Id.*). Nealy incorrectly believes that his

7

limitations period under AEDPA initially began to run 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal regarding his PCRA petition. (*Id.*). However, Nealy is not entitled to an additional 90 days of tolling after the Pennsylvania Supreme Court denied his petition for allowance of appeal on February 23, 2024, regarding his PCRA petition. The 90-day tolling period providing for the time Nealy could have filed a petition for writ of certiorari to the United States Supreme Court is only applicable to the time after the Pennsylvania Supreme Court denied his petition for allowance of appeal regarding his direct appeal. *See Almazan v. Commonwealth of Pennsylvania*, 80 F.Supp.3d 602, 606 (E.D. Pa. 2015) ("[T]he time during which a state prisoner may petition for a writ of certiorari from the denial of a state collateral petition in the Supreme Court of the United States does not toll the AEDPA's statutory period.") (citing *Stokes v. Dist. Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).

There is no indication that Nealy was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that the state court misled him regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted on this basis.

C.    Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome the habeas limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). This

requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert such claim, "[un]explained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 385; *see also Schlup*, 513 U.S. at 332 ("[a] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of…evidence [of actual innocence]").

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).

Nealy will only overcome his time-barred petition if he can make a credible "showing of actual innocence" under *McQuiggin*. Nealy failed to provide new reliable exculpatory evidence to support an actual innocence claim, and none can be extracted from the claims

9

raised in his petition. As a result, Nealy has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Nealy failed to demonstrate that a certificate of appealability should issue.

10

## IV.    Conclusion

The Court will dismiss Nealy's petition (Doc. 1) for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue.  A separate

Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June _//_ , 2026

11